IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY LEHMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-917-MJR |
| ) | |
| B. A. BLEDSOE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner brings this action under the umbrella of habeas corpus law, 28 U.S.C. § 2241, and he seeks leave to proceed *in forma pauperis*.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement.

*See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id.* at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner challenges a disciplinary proceeding that occurred in December 2005, when he received a disciplinary report for refusing to move out of administrative detention. Such a challenge does not request a "quantum change in the level of custody." *See Falcon*, 52 F.3d at 139; *Graham*, 922 F.2d at 381 (civil rights action was proper avenue "even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks."). Rather, Petitioner claims that being punished for trying to ensure his personal safety constitutes cruel and unusual punishment, a violation of his rights under the Eighth Amendment, and violation of his rights under the First Amendment for voicing his displeasure at his housing assignment. Such claims that can only be raised in a civil rights action, not through habeas corpus.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C.

§ 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice to Petitioner filing his claims in a civil rights action, accompanied by either the $250 filing fee or a properly-documented motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**DATED this 1st day of February, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
